CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 9 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM A. BRENNAN,<br>    Petitioner, | Case No. 7:05cv00300 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner William A. Brennan, a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2255. Brennan claims that the government failed to provide all exculpatory evidence during discovery, and he raises several ineffective assistance claims. This matter is before the court on respondent's motion to dismiss. The court finds that Brennan has defaulted his exculpatory evidence claim and that each of his ineffective assistance claims is meritless. Accordingly, the court dismisses his petition.

I.

On May 22, 2002, a grand jury indicted Brennan for conspiracy to commit fraud, transportation of stolen goods in interstate commerce, and forfeiture of property and currency obtained through fraudulent activity. On October 16, 2002, the grand jury returned a superseding indictment against Brennan, charging him with conspiracy to commit fraud and transportation of stolen goods in interstate commerce. A jury heard Brennan's case, and, at one point during trial, Brennan's counsel raised the issue of competency. The court called for an immediate evaluation and conducted a hearing pursuant to 18 U.S.C. § 4241. The court concluded that Brennan was competent to stand trial and proceeded. The jury found Brennan guilty on both counts. The court sentenced Brennan to twenty months imprisonment with three years supervised release and ordered him to pay $87,267.75 in restitution. His sentence took into consideration a seven-point

offense-level enhancement pursuant to U.S.S.G. § 2F1.1(b)(2)(A), which allows for an increase of seven points for an intended loss of more than $ 120,000 but less than $ 200,000. Brennan was found to have offered to pay an auto dealer $183,000 for a group of cars, only to abscond with them over state lines without ever having intended to pay. The pre-sentence report noted that the intended loss stemming from Brennan's acts was $183,300 and recommended the seven-point enhancement, which the court applied. Brennan appealed, and the Fourth Circuit affirmed Brennan's conviction and sentence; and the Supreme Court denied his petition for certiorari.

In his § 2255 motion, Brennan claims that the government failed to provide all exculpatory evidence during discovery. He also claims that counsel provided ineffective assistance by failing to "help the defendant with much needed preparation" before the trial; by making "many damaging characterizations about defendant and situations surrounding defendant during trial"; by failing "to lay foundations for questions and explanations"; by failing to raise sanity issues before trial; by failing to raise competency issues before trial; by failing to move for a "nunc pro tunc competency evaluation"; by failing to move to set aside the verdict due to competency; by failing to move before sentencing for a new competency evaluation; by failing to challenge the court's standard for evaluating competency; by failing to move for the court to halt the trial while addressing competency issues; by failing to oppose the government's application of 18 U.S.C. § 2314; by failing to raise a claim of malicious prosecution; by failing to introduce evidence which would have impeached the prosecution's witness, David Hagan; by failing "to make a motion to suppress prejudicial and inflammatory issues concerning innocent purchasers for value"; and by "allowing the sentencing guidelines to be misapplied."

## II.

2

A § 2255 petition may not raise in his petition a claim which he could have raised but did not raise on direct appeal; such a claim is procedurally defaulted and unreviewable unless the petitioner demonstrates cause and prejudice capable of excusing his default. Bousley v. United States, 523 U.S. 614 (1998). Brennan did not raise his claim regarding the government's alleged failure to provide exculpatory evidence on direct appeal, and he has not shown cause and prejudice capable of excusing his default. Accordingly, the court dismisses his claim.

## III.

In order to prevail on a claim of ineffective assistance, Brennan must show both that his counsel performed unreasonably and that the outcome of his case would have been different but for counsel's alleged errors. Strickland v. Washington. 466 U.S. 668, 690 (1984). Further, Brennan "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment"; generalized attacks on counsel's performance will not suffice. Id. at 690. Several of Brennan's claims are nothing more than unreviewable generalized attacks, and Brennan has failed to demonstrate that counsel's other alleged failures altered the outcome of his trial. Accordingly, the court dismisses all of Brennan's ineffective assistance claims.

Brennan's claims that counsel failed to prepare him for trial, that counsel failed to "lay foundations for questions and explanations," and that counsel "made many damaging characterizations" about him are nothing more than unreviewable generalized attacks on counsel's performance. Brennan does not point to specific actions on the part of counsel capable of altering the course of his trial. Accordingly, the court dismisses those claims.

Brennan also laments counsel's failure to raise sanity and competency issues at several different junctures before, during, and after the trial. However, counsel did raise competency during

3

the trial, and the court conducted a hearing and found Brennan competent to stand trial. Moreover, as the judge who presided over Brennan's trial, the undersigned was in a unique position to observe and evaluate Brennan's competency. The court made a point to observe Brennan closely and to scrutinize his competency at each and every stage. The court is satisfied that Brennan was competent, and, accordingly, the court finds that further attempts by counsel to raise Brennan's mental state would have been fruitless and would not have changed the course of his trial. Therefore, the court dismisses Brennan's claims.

Brennan also claims that counsel should have objected to the competency standard applied by the court and should have asked the court to halt the trial until competency issues were settled. Again, the vantage point of the undersigned, as presider over Brennan's trial, allows the court to say with confidence that counsel's performance did not prejudice Brennan. The court applied the correct standard when evaluating Brennan's competency, the standard articulated in 18 U.S.C. § 4241. ("The court shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."). Thus, counsel's objection would have been to no avail. Also, the court was able to quickly determine that Brennan was competent to stand trial, so a motion to halt the trial, even if granted, would have had absolutely no effect on the ultimate outcome. Accordingly, the court finds no prejudice and dismisses the claims.

Brennan further claims that counsel should have objected to the government's application of 18 U.S.C. § 2314 to him, explaining that § 2314 "must include a deprivation of a owners property right conventionally called to mind." This claims is a nonstarter, though, because the Fourth Circuit

4

has sanctioned application of § 2314 under circumstances similar to those in Brennan's case. See United States v. Grenagle, 588 F.2d 87 (4th Cir. 1978). Thus, any effort to challenge application of the statute to Brennan would have been in vain, and the court therefore dismisses Brennan's claim.

Brennan next claims that counsel should have challenged Brennan's indictment with a malicious prosecution claim; however a claim of malicious prosecution is a civil tort and counsel could not have used it to challenge Brennan's indictment. Accordingly, the court finds that counsel did not prejudice Brennan by failing to raise a claim of malicious prosecution.

Brennan also claims that his counsel should have impeached David Hagan, a witness for the prosecution. Brennan claims that he provided counsel with a tape recording in which "Hagan turned down his own offer to settle the dispute for 17,000 above the price, then raised the price again disputing his own trial testimony." Brennan's claim is esoteric at best, and the court fails to see how introduction of the recording would have impeached Hagan and altered the outcome of Brennan's case. Moreover, counsel's decision not to attempt impeachment based on the tape was a professionally reasonable strategic decision which this court will not second guess. See Jones v. Barnes, 463 U.S. 745, 751 (1983). The court therefore dismisses the claim.

Brennan next claims that counsel should have moved to suppress the testimony of several "innocent purchasers for value" who testified at trial because the purchasers "had every right to be insulated from this situation and sharing their horrible experience with the jury was just wrong." Possible discomfort on the part of witnesses would not have formed a proper basis for a motion to suppress, and the court would have denied any such motion. Therefore, it cannot be said that counsel's failure to raise the issue prejudiced Brennan in any way.

Finally, Brennan claims that counsel should have objected to the court's application of

5

Case 7:05-cv-00300-SGW-mfu   Document 24   Filed 09/09/05   Page 5 of 6   Pageid#: 128

sentencing guidelines, explaining that, pursuant to guidelines, "a defendant should be punished for the greater of the actual loss or the intended loss, but [he] was punished for the gross theft." The court finds that it properly applied relevant guidelines in Brennan's case and that counsel therefore had no basis for an objection. As Brennan admits, the 2000 Sentencing Guidelines provided that the court should consider the "intended loss" when applying any offense level enhancements, if that figure was greater than the actual loss. U.S.S.G. §2F1.1 (2000). The actual loss here was $87,267.75,[1] but the intended loss was the $183,300 Brennan claimed he would pay for the cars. Thus, the intended loss was greater, and the court therefore properly relied upon that figure when increasing Brennan's offense level by seven points pursuant to U.S.S.G. § 2F1.1(b)(2)(A). Accordingly, the court finds that any objection raised by counsel would have been fruitless and dismisses Brennan's claim because he has failed to demonstrate prejudice.

**IV.**

For the reasons stated herein, the court hereby grants respondent's motion to dismiss and dismisses Brennan's § 2255 petition.

ENTER: This _9th_ day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Brennan agreed to pay $183,300 for the cars; however, the dealer eventually recovered $96,032.25 of that amount, leaving an actual loss of $87,267.75.

Case 7:05-cv-00300-SGW-mfu Document 24 Filed 09/09/05 Page 6 of 6 Pageid#: 129